IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNA M., *et al.*, | )<br>) |
| Plaintiffs, | ) 2:23-CV-1378<br>) |
| v. | )<br>) |
| ADDIE STONE, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## ORDER

This civil-rights case arising from Plaintiffs' experience with local Children and Youth Services was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Before the Court is Plaintiffs' objection (ECF 71) to Judge Kelly's Report and Recommendation (ECF 70) on Defendants' partial motion to dismiss (ECF 64). The Court has reviewed Plaintiffs' objection and the R&R *de novo*, and overrules Plaintiffs' objection and adopts Judge Kelly's R&R.

Plaintiffs, a mother and her two minor children, allege that CYS improperly handled numerous instances of reported abuse involving the minor children and their biological father and his family. ECF 62. Plaintiffs would report the abuse to CYS, CYS would eventually find the allegations of abuse to be unfounded, CYS would not investigate further, and the abuse would then continue. *Id.*

Plaintiffs brought three counts against Defendants for violation of federal law in Plaintiffs' Third Amended Complaint. *Id.* Defendants moved to dismiss Count I, which alleges a violation of the Equal Protections Clause based on a "class of one" theory under 42 U.S.C. § 1983. ECF 64.

Judge Kelly's R&R recommends that the Court dismiss Count I with prejudice. ECF 70. First, the R&R concluded that Plaintiffs' complaint "fails to provide specific factual allegations as to the alleged similarly situated parties sufficient to make plausible the conclusion that those parties exist and that they are like Plaintiffs in all relevant aspects." *Id.* at 8 (cleaned up). Second, the R&R noted that Plaintiffs' class of one theory is likely ill-suited for the discretionary nature of CYS's duties in this case. *Id.* at 9–10. Third, the R&R recommended dismissal with prejudice because amendment would be futile. *Id.* at 11. Judge Kelly reasoned that Plaintiffs' Third Amended Complaint was not any closer to a plausible claim as before, and that a class of one claim is not appropriate here. *Id.* at 11. Plaintiff objected, arguing that they had adequately pled their Equal Protection claim. ECF 71 at 4.

The Court agrees with the R&R and adopts it in full. First, Plaintiffs have not alleged specific facts to plausibly allege a similarly situated class was treated differently. *See Perano v. Twp. Of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011). Second, the discretionary nature at issue here involving CYS makes Plaintiffs' claim ill-suited for a class of one Equal Protection violation. *See Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 603–04 (2008). Third, amendment would be futile because Plaintiffs' Third Amended Complaint still faces the same implausibility issues, a class of one theory is inappropriate, and Plaintiff has had multiple opportunities to amend.

-3-

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AND NOW, this 15th day of January, 2026, it is hereby ORDERED that Plaintiffs' objection (ECF 71) is overruled and Magistrate Judge Kelly's R&R (ECF 70) is adopted in full.  Plaintiffs' Count I is dismissed with prejudice.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge